**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| **LISA L. WILSON,** | ) | **Case No. 12-40828-399** |
| | ) | |
| | ) | **Chapter 13** |
| Debtor. | ) | |

**RESPONSE TO DEBTOR'S SUGGESTIONS IN SUPPORT**
**OF HER OBJECTION TO PROOF OF CLAIM 2-3**
**OF THE INTERNAL REVENUE**

COMES NOW United States of America on behalf of its agency, the Internal Revenue Service ("IRS"), by and through its attorneys, Carrie Costantin, Acting United States Attorney for the Eastern District of Missouri, and Jane Rund, Assistant United States Attorney for said District, and for its response to Debtor's suggestions (Doc. 77) in support of her claim objection states as follows:

Debtor incorrectly states that the IRS violated the Court's Order of Confirmation by offsetting her 2011 tax refund and applying it to her 2003 tax liability. This offset was properly done as both the debt and the refund were pre-petition. *See* 11 U.S.C. § 553; IRC § 6402(a) and § 6411(b). Although the Bankruptcy Code does not create its own right of setoff, 11 U.S.C. § 553(a) preserves any nonbankruptcy right of setoff a party might have. The four requirements that must be satisfied in order for setoff to be valid, pursuant to 11 U.S.C. § 553, are (1) the creditor's claim must arise before the commencement of the case; (2) the creditor must have a debt to the debtor that arose before the commencement of the case; (3) the claim and debt must be mutual; and (4) the claim must be valid and enforceable. *See* 11 U.S.C. § 553; *In re Shortt* 277 B.R. 683, 688 (Bankr. N.D. Tex. 2002).

In this case, Debtor owed taxes to the IRS from the calendar year 2003, and her 2011 taxable year ended as of December 31, 2011.  Debtor did not file her Chapter 13 bankruptcy petition until February 2, 2012.  The IRS's claim arose before the commencement of Debtor's petition, the debt pertained to a pre-petition tax year, the claim and debt were mutual, and the IRS's claim was both valid and enforceable.  Therefore, the IRS's offset of Debtor's 2011 tax refund to pay her 2003 taxes was correct.

Debtor then further argues that the offset of her 2013 tax refund that was applied to her 2012 income tax liability was improper.  Again, Debtor is incorrect in her argument as she could not properly accrue this post-petition debt without a court order; no order was granted in this case nor did she seek the filing of an 11 U.S.C § 1305 claim by the IRS.  Therefore, the IRS properly offset a portion of Debtor's 2013 tax refund to pay this post-petition liability.

Finally, the IRS's actions in this bankruptcy did not violate the automatic stay. 11 U.S.C. § 362(b)(26), added by the BAPCPA amendments, carves out a specific exception from the automatic stay for an income tax setoff by a government agency.  *Stiles v. United States,* 2012 WL 2930053, at *2 (N.D. Ga. June 15, 2012); *In re, Ewing,* 400 B.R. 913, 916 (Bankr. D.D. Ga. 2008).  Therefore, The IRS's actions in this case constituted an exercise of its right to setoff under 26 U.S.C. § 6402(a), which falls within the automatic stay exception of § 362(a)(26) of the Bankruptcy Code.

WHEREFORE, the IRS prays that this Court deny Debtor's objection to the IRS's proof of claim 2-3.

Respectfully submitted,

CARRIE COSTANTIN
Acting United States Attorney
*/s/ Jane Rund*

_____
JANE RUND  #47298 MO
Assistant United States Attorney
111 South Tenth Street, Room 20.333
St. Louis, MO 63102
(314) 539-7636
(314) 539-2287 Fax
Email:  Jane.Rund@usdoj.gov


**Certificate of Service**


Pursuant to L.R. 9013-1(A), the undersigned hereby certifies that on June 15, 2017, a copy of the foregoing was filed electronically and therefore served by operation of the Court's ECF system to the following.

Ross H. Briggs
Email:  r-briggs@sbcglobal.net


Further, a copy of the foregoing was served on June 15, 2017, via U. S. Mail, postage prepaid, on the following:

Diana S. Daugherty
Chapter 13 Trustee
P.O. Box 430908
St. Louis, MO 63143


*/s/ Jane Rund*

_____
JANE RUND  #47298  MO
Assistant United States Attorney